IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 29, 2022

## TONY BAKER v. SHAUNA MCSHERRY

**Appeal from the Juvenile Court for White County**
**No. JV-1579 File 4773     Sam Benningfield, Judge**

_____

### No. M2022-01024-COA-T10B-CV

_____

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B section 2.02 from the trial court's denial of a motion for recusal. Having reviewed the petition for recusal appeal, we affirm the trial court's decision to deny the motion for recusal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal;**
**Judgment of the Juvenile Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

Michael Weston, Cookeville, Tennessee, for the appellant, Shauna McSherry.

Cindy Howell Morgan, Sparta, Tennessee, for the appellee, Tony Baker.

## OPINION

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to Section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B section 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B sections 2.05 and 2.06.

**ANALYSIS**

Shauna McSherry ("Petitioner") filed her Petition for Recusal Appeal on July 27, 2022, in which she seeks to overturn the decision by Judge Sam Benningfield denying her motion for recusal. Significantly, the facts that form the basis of the motion for recusal became known to Petitioner on May 30, 2021, more than one year before the filing of the motion for recusal.

Although Petitioner articulated numerous issues for us to consider, the only issue we may consider is whether the trial judge should have granted the motion to recuse. *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 546 (Tenn. Ct. App. 2017) (citing *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012)). Moreover, our review of the petition and record reveal the dispositive issue to be whether Petitioner has waived the issue concerning the judge's alleged impartiality by waiting more than one year after she learned of the facts forming the basis for the motion to file her motion for recusal. *See Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). As this court stated in *Kinard*, the failure to assert those facts in a timely manner "results in a waiver of a party's right to question a judge's impartiality." *Id.*

As is now well established, "recusal motions must be filed promptly after the facts forming the basis for the motion become known." *Id.* (citations omitted). "Courts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order 'to experiment with the court[.]'" *Id.* (citations omitted). Moreover, "a party must complain and seek relief immediately after the occurrence of a prejudicial event and may not silently preserve the event as an 'ace in the hole' to be used in event of an adverse decision." *Gotwald v. Gotwald*, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988) (citation omitted).

This appeal arises from a contentious dispute concerning the initial permanent parenting plan for the parties' minor child. Petitioner is represented by Michael Weston and the child's father, Tony Baker, is represented by Cindy Howell Morgan. The trial of the underlying matter was held on October 30, 2020, which decision was timely appealed to this court on December 14, 2020. On March 31, 2022, this court remanded the matter to the trial court with instructions to make specific findings of fact and conclusions of law,

with the option of entertaining additional proof due to the passage of time. *See Baker v. McSherry*, No. M2020-01670-COA-R3-JV, 2022 WL 971992 (Tenn. Ct. App. Mar. 31, 2022).

The incident giving rise to the recusal motion was an alleged conversation between Petitioner and Ms. Morgan, Mr. Baker's counsel, that occurred on May 30, 2021; however, Petitioner took no action until her motion for recusal was filed on June 8, 2022. In her affidavit filed in support of the motion for recusal, Petitioner alleged that Ms. Morgan told her that she had influence over the judge, that she had "pull" with the judge. In the affidavit Ms. Morgan filed in response to the allegations, she denied making any such statements to Petitioner or anyone else. Further, at the hearing on the motion for recusal, Judge Benningfield categorized Petitioner's allegations as "outlandish." He also stated, "Ms. Morgan has appealed any number of my cases over the years, so if we were in cahoots, that wouldn't have been necessary."

The salient fact before this court is that Petitioner failed to file her motion for recusal for more than one year after she learned of the facts forming the basis for the motion. Whether she did so to await a favorable decision from the trial court or to preserve the event as an "ace in the hole" is insignificant. *See Gotwald*, 768 S.W.2d at 694. What is significant is that the failure to assert those facts in a timely manner "results in a waiver of a party's right to question a judge's impartiality." *Kinard*, 986 S.W.2d at 228. Based on the foregoing, we hold that Petitioner has waived the issue of bias.

For the foregoing reasons, we affirm the decision of the trial court to deny the motion for recusal.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Shauna McSherry.

_____
FRANK G. CLEMENT JR., P.J., M.S.